UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § | CASE NO: 1:02-CR-0005-O-BL |
| | § § § | |
| ROBERT DELGADO, JR. | § | |

## REPORT AND RECOMMENDATION
## AS TO REVOCATION OF SUPERVISED RELEASE

The magistrate judge submits this Report and Recommendation to the United States district judge pursuant to 28 U.S.C. §636(b) and the referral Order dated August 15, 2017 (Doc. 647), addressing the motion to revoke ROBERT DELGADO, JR.'s term of supervised release.

I.  PROCEDURAL BACKGROUND

A.  Original Conviction

On March 14, 2002, Robert Delgado, Jr. (hereafter "Defendant") entered a plea of guilty to Count Twenty-Four of a superseding indictment arising out of the Northern District of Texas, charging Distribution and Possession with Intent to Distribute Less Than 500 Grams of a Mixture and Substance Containing Cocaine and Aiding and Abetting, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(c), and 18 U.S.C. § 2. (Doc. 631 and Judgment, Presentence Report). On May 31, 2002, Defendant was sentenced by United States District Judge Sam R. Cummings, Northern District of Texas, to a one hundred eighty-eight (188) month term of incarceration, to be followed by a 3-year term of supervised release. (*Id.*) On January 1, 2015, jurisdiction was transferred to Chief United States District Jorge A. Solis, and on March 16, 2016, to United States District Judge

Reed C. O'Connor, Northern District of Texas. (*Id.*). Supervision commenced on November 7, 2014. (*Id.*)

On July 21, 2017, a Petition for Offender under Supervision was filed by the United States Probation Office (Doc. 632), requesting a violator's warrant for Defendant's arrest after violation of the conditions discussed below. The district judge ordered the issuance of a warrant on July 22, 2017. (*Id.*).

### B. Current Revocation Proceedings

#### 1) Procedural History

Before the Court is the Government's Motion to Revoke Supervised Release dated August 2, 2017 (Doc. 635), requesting revocation of Defendant's term of supervised release and that Defendant be ordered to serve a sentence as determined by the Court. This Motion followed the Petition of the United States Probation Office, (Doc. 632), referenced above.

Following Defendant's arrest, he appeared before a magistrate judge on August 8, 2017, for an initial appearance (Doc. 642). A detention hearing and preliminary revocation hearing were scheduled for the same date, but vacated by the filing of written waivers. (Docs. 640, 641). Probable cause was found and an order of detention entered on August 8, 2017. (Doc. 643.).

#### 2) Violation Allegations

As indicated above, a violator's warrant was issued and Defendant was arrested for allegedly violating terms of his supervised release, specifically[1]:

---

[1] Alleged violations taken from Petition for Offender under Supervision dated July 21, 2017.

**Previous Court Notifications**

On January 17, 2017, a Probation Form 12A (PF12A) was submitted to the Court to address multiple violations related to Robert Delgado, Jr., (Delgado) reverting to the use of alcohol and cocaine. At the time of the submission of the PF12A, Delgado was subject to mandatory revocation pursuant to provisions of 18 U.S.C. § 3583(g)(1). However, Delgado requested additional treatment services and had enrolled himself into an inpatient substance abuse treatment center at the United States Veteran's Hospital in Big Spring, Texas. On January 31, 2017, the Court agreed to exempt Delgado from the mandatory revocation statue and allow him to complete drug treatment services. The previous violations are included below.

I.

**Violation of Mandatory Condition**

The defendant shall not illegally possess a controlled substance.

**Violation of Mandatory Condition**

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

**Violation of Standard Condition No. 7**

The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

**Violation of Special Condition No. 1**

The defendant shall participate in a program approved by the U.S. Probation Office for treatment of narcotic or drug or alcohol dependency which will include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. It is ordered that the defendant contribute to the costs of services rendered (co-payment) at a rate of at least $5 per month.

**Nature of Noncompliance**

3

Delgado violated these conditions of supervised release by using and possessing alcohol in April 2015. On April 29, 2015, Delgado submitted a urine specimen to Cantu Counseling (CC), a federally contracted drug treatment provider, in Big Spring, Texas, that tested positive for alcohol. Subsequently, on June 19, 2015, Delgado admitted, verbally and in writing, to U.S. Probation Officer Scott Cannon (USPO Cannon) that he consumed alcohol on April 29, 2015.

Delgado further violated these terms of supervised release by using and possessing cocaine in September, November, and December 2016 and June and July 2017. On September 14, 2016, Delgado submitted a urine specimen to USPO Cannon, which tested positive for cocaine. On October 6, 2016, Delgado verbally admitted to the use of cocaine and later on October 11, 2016, Delgado reported to the U.S. Probation and Pretrial Services Office in Abilene, Texas, and admitted in writing to USPO Cannon that he used cocaine twice on or about September 14, 2016.

Later, on November 30, 2016, Delgado submitted a urine specimen at Alpha Recovery Center (ARC), a federally contracted drug treatment provider, in Big Spring, Texas, that again tested positive for cocaine. On December 13, 2016, Delgado admitted verbally to USPO Cannon that he consumed alcohol and cocaine. Subsequently, on December 14, 2016, Delgado reported, in person, to the U.S. Probation and Pretrial Services Office in Abilene, Texas, and submitted a urine specimen that tested positive for cocaine. Prior to submitting said specimen, Delgado admitted, verbally and in writing, to using alcohol on November 27, 2016, and cocaine on or about November 27, and December 11, 2016.

Further, on June 27, 2017, Delgado submitted a urine specimen at ARC that tested positive for cocaine. On July 10, 2017, Delgado admitted verbally and in writing to USPO Cannon that he consumed cocaine on June 24 and July 7, 2017.

### 3) Revocation Hearing

A Final Hearing on the Motion to Revoke Supervised Release was held on August 29, 2017, before the magistrate judge. Defendant was represented by Curtis Tomme; the United States was represented by Assistant United States Attorney Juanita Fielden. The proceedings were electronically recorded.

Upon call of the matter, Defendant was placed under oath and was determined to be competent to enter a plea. The undersigned, having previously reviewed the allegations contained in the Government's Motion to Revoke with Defendant and his counsel in open court, inquired whether Defendant understood the allegations, after which Defendant indicated that he had discussed the allegations with his attorney, did understand the allegations, and waived a subsequent

4

reading. The undersigned then explained to Defendant the statutory maximum terms of incarceration and supervised release as well as the sentencing options available to the Court. Defendant acknowledged his understanding and entered a plea of true to the allegations contained in Section I.B(2) above, specifically: the Mandatory Condition that Defendant not illegally possess a controlled substance; the Mandatory Condition that defendant refrain from any unlawful use of a controlled substance, submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court; Standard Condition No. 7; and Special Condition No. 1.

Defendant consented orally and in writing to allocution before the magistrate judge (Doc. 651), but declined to make any statement. Defense Counsel stated that Defendant served twelve years and five months on his original sentence, and was two months short of completing his term of supervised release when arrested. He relayed that Defendant has entered drug treatment four times, as well as Alcoholics Anonymous, and has taken affirmative action to overcome his drug and alcohol problems. Counsel also stated that Defendant worked full time while on release, and was a productive citizen. His daughter and ex-wife were in attendance at the hearing in support of Defendant.

The attorney for the government declined to comment.

## II. FINDINGS OF THE COURT

i. The Defendant pled true to the allegations that he violated conditions of his supervised release as contained in the Government's Motion to Revoke, and set forth in Section I.B(2) above, specifically: the Mandatory Condition that Defendant not illegally possess a controlled substance; the Mandatory Condition that defendant refrain from any unlawful use of a controlled substance, submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court; Standard Condition No. 7; and Special Condition No. 1.

ii. The Defendant was competent to make the decision to plead true to the allegations;

iii. The Defendant had both a factual and rational understanding of the proceedings against him;

iv. The Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea;

v. The Defendant was sane and mentally competent to stand trial for these proceedings and to assist his attorney in the preparation and conduct of his defense;

vi. The Defendant received a copy of the Government's Motion to Revoke, either read or had it read to him, had adequate opportunity to discuss the charges against him with his attorney, and ultimately understood the charges alleged against him;

vii. A preliminary revocation hearing was waived and probable cause as to the alleged violations was found;

viii. At the final revocation hearing, Defendant understood all of his statutory and constitutional rights, yet freely, intelligently, and voluntarily waived same and pled true to the allegations listed in subsection I.B(2) above; and

ix. The Defendant violated conditions of his supervised release.

## III. SENTENCING

### A. FACTORS

The Court may revoke a term of supervised release after finding that a defendant has violated a condition of supervised release. *See* 18 U.S.C. § 3583(e)(3). Upon revocation, a court should impose a sentence that is sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See* § 3583(c). The sentencing court is to consider:

i. The nature and circumstance of the offense and the history and characteristics of the defendant, *see* 18 U.S.C. § 3553(a)(1);

ii. The need for the sentence imposed to afford adequate deterrence to criminal conduct, see 18 U.S.C. § 3553(a)(2)(B); to protect the public from further crimes

of the defendant, see 18 U.S.C. § 3553(a)(2)(C); and to provide the defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner, see 18 U.S.C. § 3553(a)(2)(D)[2];

iii. The kinds of sentence and the applicable sentencing range established in the United States Sentencing Commission's Sentencing Guidelines pursuant to section 994(a)(3) of title 28, United States Code, any amendments thereto, and any associated policy statements made by act of Congress or issued by the Sentencing Commission, see 18 U.S.C. § 3553(a)(4)(B);

iv. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, see 18 U.S.C. § 3553(a)(6); and

v. The need to provide restitution to any victims of the offense, see 18 U.S.C. § 3553(a)(7).

The undersigned has carefully considered the factors listed in 18 U.S.C. §§ 3583(e) and 3553(a) as applied to this defendant.

### B. STATUTORY AND GUIDELINE PROVISIONS

The classification of Defendant's underlying criminal offense results in a two-year (2) statutory maximum term of incarceration upon revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). United States Sentencing Guideline 7B1.4(a) suggests a revocation range of six (6) to twelve (12) months imprisonment, based upon Defendant's criminal history category of IV and the admitted Grade C violations. Revocation of supervised release and a term of imprisonment not to exceed the maximum provided in 18 U.S.C. § 3583(e)(3) is mandatory, given Defendant's admitted violations of using and possessing a controlled substance. *See* 18 U.S.C. § 3583(g)(1).[3]

---

[2] Pursuant to *U.S. v. Miller*, 634 F.3d 841 (5th Cir. 2011), the Court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when revoking a term of supervised release. Further, the sentencing court may not impose or lengthen a prison term in order to foster a defendant's rehabilitation. *U.S. v. Tapia*, 131 S.Ct. 2382 (2011).

[3] *See*, however, the exception contained in § 3583(d): "The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing guidelines from the rule of

7

Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation. The maximum term of supervised release must not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. *See* 18 U.S.C. § 3583(h); s*ee also U.S. v. Jackson*, 559 F.3d 368 (5th Cir. 2009). Accordingly, Defendant is subject to a maximum term of supervised release of at least three (3) years and up to life, less any term of imprisonment imposed upon revocation of his current term of supervised release.

## IV. ANALYSIS[4] AND JUSTIFICATION

In November 2014, Defendant began serving his term of supervised release in the Northern District of Texas, Abilene Division. Upon commencing his term of supervision, Defendant resided with his mother in Big Spring, Texas, until later obtaining a personal residence. During this period of supervision, he continued to reside in Big Spring, Texas, at various locations within the city. Defendant has also maintained employment with B&M Fencing. He has struggled with various diabetic and cardiovascular related issues.

Upon releasing from custody, Defendant was referred to CC and was discharged from the program. Shortly after completing counseling services, he tested positive for alcohol, and was placed back into treatment. In March 2016, Defendant was again released from treatment services, but later referred back in October 2016 due to additional relapse issues.

---

section 3583(g) when considering any action against a defendant who fails a drug test." The undersigned has carefully considered the factors listed in 18 U.S.C. §§ 3583(d). Although Defendant failed drug tests, the violations forming the basis for this action rest upon Defendant admittedly using and possessing controlled substances, as confirmed by the drug testing results.

[4] Information in this section is taken from the Personal History section of the Supervised Release Violation Report.

Defendant admittedly struggled to remain sober and requested more intensive treatment. The Court allowed him an opportunity to complete an inpatient drug treatment program. In early January 2017, Defendant entered into a 45-day inpatient drug treatment program conducted by the United States Veteran's Affairs (VA). In mid-February, he completed the residential program and returned to ARC for outpatient treatment services.

Defendant was set to discharge his term of supervision in November 2017. However, during this period of supervision, he has reverted to the use of illegal substances on multiple occasions. The U.S. Probation Office has referred Defendant to drug aftercare services on multiple occasions in efforts to help him obtain sobriety. As it appeared outpatient services were not sufficient, Defendant requested, and was granted permission by the Court, to enter an in-patient treatment program. Despite these multiple opportunities to correct his behavior, he has failed to take advantage and change his behavior.

## V.  CONCLUSION

Upon consideration of the foregoing, the magistrate judge **RECOMMENDS**:

i.  that Defendant be found to have violated the conditions of his supervised release as set forth in Section I.B(2) above, specifically: the Mandatory Condition that Defendant not illegally possess a controlled substance; the Mandatory Condition that defendant refrain from any unlawful use of a controlled substance, submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court; Standard Condition No. 7; and Special Condition No. 1;

ii.  that his supervised release be **REVOKED**;

iii. that he be **SENTENCED** to the custody of the Attorney General for a period of **nine (9) months**, with credit while in federal detention beginning July 31, 2017, and

iv. **that no additional term of supervised release be imposed.** *However*, should the Court wish to reimpose a term of supervised release, the maximum term which could be imposed would be at least 3 years and up to life, minus any imposed custodial sentence in this revocation proceeding. Pursuant to 18 USC § 3583(h) and the policy statements outlined in USSG § 7B1.3(g)(2), a term of at least 27 months would satisfy the mandatory minimum requirement. Should the district judge impose an additional term of supervised release, the conditions imposed on the original Judgment dated May 31, 2002, are recommended.

## NOTICE OF OPPORTUNITY TO FILE OBJECTIONS TO REPORT AND RECOMMENDATION

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SIGNED this 29th day of August 2017.

                                                _____
                                                E. SCOTT FROST
                                                UNITED STATES MAGISTRATE JUDGE